**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JERRY VANDIVER,

       Plaintiff,

v.                                                                    Case No. 05-CV-72835-DT

CORRECTIONAL MEDICAL SERVICES, INC.
et al.,

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
OBJECTIONS TO REPORT AND RECOMMENDATION**

      Pending before the court is Plaintiff Jerry Vandiver's motion seeking leave to file

amended objections to the already-adopted Report and Recommendation filed in this

matter.  The court has reviewed the briefing in this matter and concluded that a hearing

is not required.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court

will deny Plaintiff's motion.

**I.  INTRODUCTION**

      This civil rights case, filed pursuant to §1983, was referred to United States

Magistrate Judge Donald Scheer pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate

judge issued a Report and Recommendation ("R & R") on December 13, 2005,

suggesting that Defendant Correctional Medical Services, Inc., Defendant Correctional

Facilities Administration, and Defendant Medical Director of Health Services be

dismissed from this action.  Plaintiff filed objections to the recommendation pursuant to

28 U.S.C. §636(b), and Defendant responded.  On January 20, 2006, the court

accepted the recommendation of the magistrate judge and dismissed Defendants Correctional Medical Services, Inc., Correctional Facilities Administration, and Medical Director of Health Services from this action.  On January 9 2006, Plaintiff filed the motion presently before the court.

## II.  Federal Rule of Civil Procedure 15

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15.  Rule 15 provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'"  *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).  When Plaintiff seeks amendment at a late stage in the litigation, and especially where Defendant demonstrates prejudice, Plaintiff bears an increased burden to show justification for failing to move earlier.  *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999); *Holland v. Metropolitan Life Ins. Co.,* 869 F.2d 1490 (6th Cir. 1989).

## III.  DISCUSSION

Plaintiff "requests leave to file an amended Plaintiff's Objections to the Magistrate's Report and Recommendation."  (Pl.'s Mot. at 1.)  Plaintiff asserts that he

2

"omitted to object to the Magistrate's Report and Recommendation at page 3 where the magistrate recommends dismissal based on his lack of personal involvement regarding the Medical Director Pramstaller." (*Id.*) Plaintiff asserts that he "omitted to ask the [c]ourt for leave to file an amended complaint to overcome deficiency in his complaint by identifying a specific custom or policy which contributed to, or resulted in, Plaintiff's alleged treatment." (*Id.* at 2.)

In response, Defendant Correctional Medical Services points out, first, that Plaintiff's amended objection lies outside of the ten day period allotted for objections to a magistrate's report and recommendation. (Def.'s Resp. at 2.)[1] In addition, Defendant argues that "Plaintiff's attempt to amend his complaint should be denied due to futility and lack of notice by the moving party." (*Id.* at 6.) The court agrees, although not for the same reasons argued by Defendants.

Magistrate Judge Scheer issued his "Report and Recommendation" in this matter on December 13, 2005, and Plaintiff's objections were due within ten days of that order. (*See* 12/13/05 R & R.) Plaintiff should have known that the court might well view the R&R as correctly defining the case, and agree with it. Plaintiff, through the analysis suggested in the R&R, was notified that his complaint was deficient. Plaintiff filed his objections on December 22, 2005, arguing in Objection #1 that the Magistrate Judge was simply incorrect in suggesting that the complaint failed sufficiently to identify a custom or policy. He stated no interest in providing more specificity at that time.

---

[1] Defendants Correctional Facilities Administration, Jan Epps, Betty Glaspen, Barbara Anderson, and Medical Director of Health Services concurred in Defendant Correctional Medical Services's response to Plaintiff's motion.

3

If the court allowed Plaintiff to file amended objections even on the same day Plaintiff filed his motion (January 9, 2006), Plaintiff would be filing objections nearly a month after the Magistrate Judge's R & R, in contravention of 28 U.S.C. § 636(b).  The court will not accept Plaintiff's grossly untimely amended objections.

The test for futility of a proposed amended complaint does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment.  Rather, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.* 203 F.3d 417, 421 (6th Cir. 2000).  The court cannot agree that an amended complaint would be futile simply because the court had before it the Magistrate Judge's R & R suggesting dismissal based on the complaint as originally stated, as Defendants argue.  Plaintiff's point is that he seeks to state the complaint a different way as to avoid the problem inherent in the original statement.

Plaintiff's problem is not futility of a specific proposed amendment, as such.  The problem is that he has not presented a specific proposed amendment, or anything else upon which the court could reasonably evaluate such an amendment.  Plaintiff's responsibility is to "identify the policy, connect the policy to the [governmental entity] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993); *Graham ex rel. Estate of Graham v. County of Washtenaw* 358 F.3d 377, 383 (6th. Cir. 2004).  Even in the pending motion Plaintiff has failed to so allege.

4

Plaintiff has not stated in any but the most general terms how the amended complaint would cure the deficiencies noted in the Magistrate Judge's R&R. Plaintiff says in his proposed "Amended Objections" only that he should be permitted "to identify a specific custom or policy which contributed to, or resulted in, his alleged treatment." (Pl.'s Mot. at 2.) Merely parroting the general legal standard for custom-or-policy statement falls fall short of the kind of specificity required. Plaintiff presents no other information and asserts no semblance of additional personal knowledge that might conceivably support such an amendment. The request to amend should not be granted under these circumstances. *See Yuhasz v. Brush Wellman, Inc.* 341 F.3d 559, 569 (6th Cir. 2003) (citation omitted) (holding that the plaintiff's statement that he had no further facts to plead in his proposed amendment would make allowing the amendment futile).

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Leave to File An Amended Plaintiff's Objections to the Magistrate's Report and [Recommendation]" [Dkt. #57] is DENIED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  March 13, 2006

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2006, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk

(313) 234-5522