# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,

v.                                  Case No. 05-CV-72835-DT

CORRECTIONAL MEDICAL SERVICES, INC.,
et al.,

    Defendants.
                                      /

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND
## THE COURT'S JANUARY 20, 2006 ORDER

Pending before the court is Plaintiff Jerry Vandiver's "Motion To Alter or Amend the District Court's Order Adopting Magistrate's Report and Recommendation Granting Defendants CMS Motion to Dismiss." The court has reviewed the briefing in this matter and concluded that a hearing is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

## I. INTRODUCTION

This civil rights case, filed pursuant to §1983, was referred to United States Magistrate Judge Donald Scheer pursuant to 28 U.S.C. §636(b)(1)(B). The magistrate judge issued a Report and Recommendation on December 13, 2005, recommending that Defendant Correctional Medical Services, Inc., Defendant Correctional Facilities Administration, and Defendant Medical Director of Health Services be dismissed from this action. Plaintiff filed objections to the recommendation pursuant to 28 U.S.C. §636(b), and Defendant responded. On January 20, 2006, the court accepted the

recommendation of the magistrate judge and dismissed Defendant Correctional Medical Services, Inc., Defendant Correctional Facilities Administration, and Defendant Medical Director of Health Services from this action. On February 3, 2006, Plaintiff filed the motion presently before the court.

## II. STANDARD

"The standard for granting a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is high." *Manning v. Crane*, No. 03-21817502, 2003 WL 21817502 (E.D. Mich. July 18, 2003). Specifically, a motion to alter or amend judgment should be granted only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) motions are not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Indep. Petroleum Ass'n of Am. v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C. 1998) (citation omitted). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could and should have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Rather than filing a Rule 59(e) motion, the proper action for a party seeking redress on issues previously litigated is to appeal." *Keenan v. Bagley*, 262 F. Supp. 2d 826, 830 (N.D. Ohio 2003).

### III.  DISCUSSION

In his "Motion to Alter or Amend the District Court's Order Adopting Magistrate's Report and Recommendation Granting Defendants CMS Motion to Dismiss," Plaintiff argues that he "misunderstands the concept of sufficiently speicfic [sic] pleading and is confusing [sic]."  (Pl.'s Mot. at 3.)  Plaintiff asks the court for "a continuance to permit necessary discovery."  (*Id.*)  Essentially, Plaintiff is asking that the court excuse his failure to specifically identify an infringing policy in support of his § 1983 claim because of his *pro se* status.

In response, Defendants argue that "while [p]ro se complaints are to be construed liberally, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. . . But simply, Plaintiff failed to state a claim as to any Eighth Amendment violation as to Defendant CMS."  (Defs.' Resp. at 4.)  The court agrees.

Although a pro se complaint is indeed to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir.1988), "conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983."  *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  Some factual basis for the claim must be set forth in the pleadings.  *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986) (citing *Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971)) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.").  The Sixth Circuit has explained the necessity of this requirement in the context of §1983 actions:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Id.* at 465.  In order to support his claim, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987)).  A failure to do so will result in dismissal for failure to state a claim.  *Scheid v. Fanny Fanner Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)); Fed. R. Civ. P. 12(b)(6).  In his complaint, Plaintiff specifies no custom or policy that resulted in the allegedly unconstitutional treatment of which he complains.

Plaintiff has not demonstrated that the court's dismissal of his claim on the basis of his failure to identify a specific policy is "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc.,*178 F.3d at 834.  Accordingly, Plaintiff's motion will be denied.[1]

---

[1]Moreover, to the extent Plaintiff's pro se motion can be interpreted as a motion for reconsideration, his motion is denied as he has failed to demonstrate a palpable defect by which the court has been misled.  *See* E.D. Mich. LR 7.1(g).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Alter or Amend the District Court's Order Adopting Magistrate's Report and Recommendation Granting Defendants CMS Motion to Dismiss" [Dkt. #70] is DENIED.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522