UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,             CIVIL ACTION NO. 05-CV-72835-DT

v.                                     DISTRICT JUDGE ROBERT H. CLELAND

CORRECTIONAL MEDICAL        MAGISTRATE JUDGE DONALD A. SCHEER
SERVICES, INC., CORRECTIONAL
FACILITIES ADMINISTRATION,
MEDICAL DIRECTOR OF HEALTH
SERVICES, JAN EPPS, BETTY GLASPEN,
SUSAN DeBRUYN, NURSE KING,
HAZEL AUSTIN, DENISE FREED-DANIELS,
BARBARA ANDERSON, and DR. GEORGE PRAMSTALLER,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss should be GRANTED as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the Chippewa Correctional Facility, in Kincheloe, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on July 20, 2005, against the above named defendants, alleging that they had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate medical care for his diabetic condition, resulting in the partial amputation of his right foot.

---

[1] Plaintiff is still incarcerated at the Chippewa Correctional Facility.

Claiming violations of his Eighth Amendment rights under the federal constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages.

Plaintiff filed an Amended Complaint on August 11, 2005, essentially reiterating the allegations found in the original Complaint. On January 20, 2006, Judge Cleland adopted a Report and Recommendation and dismissed Defendants Correctional Medical Services (CMS), Correctional Facilities Administration (CFA) and the Medical Director of Health Services.  Defendants DeBruyn, King, Freed-Daniels and Pramstaller have not been served to date.

Defendants Epp, Glasper and Anderson filed a Motion to Dismiss on March 31, 2006, based upon a failure to state a claim of a lack of proper medical care. Defendants denied any deliberate indifference to a serious medical need.  They maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.  Plaintiff has not filed a response to Defendants' Motion to Dismiss to date, even though he was given ample opportunity to do so.

SUPERVISORY DUTIES

There is no proper basis alleged in the complaint for a claim against Defendant Epp. The general rule is that a claim for monetary damages under § 1983 requires the averment of some specific, personal wrongdoing on the part of the individual defendant. Theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976).  In addition, it is obduracy and wantonness, not inadvertence or error in good

faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Whitley v. Albers, 475 U.S. 312, 319 (1986).

Defendant Epp was apparently sued because of her position of authority and supervisory responsibilities as the Regional Health Administrator for the MDOC. However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against him or her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). To the extent Plaintiff complains about a failure to respond to his grievances, the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Id.

Defendant Epp was merely part of the prison medical administration during the relevant time. There is no evidence that any "policy" personally promulgated by her had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that the Defendant had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that she was personally or directly involved, Defendant Epp should not be held liable. Accordingly, the claim against her should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  Estelle, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures.  Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care."  Estelle, 429 U.S. at 104-105.  Plaintiff acknowledged that he has received regular medical treatment for diabetes since his incarceration in the 1980's.  He complains, however, that Defendant Glasper, a registered nurse for the MDOC bureau of health care,   failed to obtain "accommodative boots, shoes and insoles" that were prescribed by a physician in February 2001, to treat calluses and ulcers developing on his right foot. Plaintiff alleged that his right foot had to be partially amputated in September 2002, as a result of his not receiving the proper shoes.

Plaintiff also claimed that his diabetic condition was exacerbated by his having to eat from the same "regular food menu" as other MDOC prisoners.  He asserts that Defendant Anderson, as a MDOC dietician, should have designed a special diet specifically tailored for diabetics that would have better controlled his blood sugar levels.

Even accepting the facts as provided by Plaintiff, the record is clear that Defendants Glasper and Anderson were not deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care, and their conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not have been happy with the treatment he has received for his diabetic condition over the past 20 years, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In an uncontested affidavit, Defendant Anderson stated that she offered Plaintiff the opportunity to educate himself on how to choose diabetic appropriate foods from the regular menu served to MDOC prisoners.  Defendant Anderson added that she informed Plaintiff that this program was designed to help him learn how to control his diabetes in order to avoid suffering the types of end organ damage usually associated with the disease. Defendant Anderson indicated that Plaintiff not only declined to participate in the diabetes education program, but also routinely refused blood sugar monitoring by medical staff (See Affidavit of Defendant Anderson, attached as Exhibit A to Defendants' Motion for Summary Judgment).

In a separate uncontested affidavit, Defendant Glasper stated that it was not her role to make treatment decisions for a particular patient.  She added that it also was not her duty to authorize and order specific medical equipment or devices (See Affidavit of Defendant Glasper attached as Exhibit B to Defendants' Motion for Summary Judgment).

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist.  Smart v. Villar, 547 F.2d 112,

114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against nurses Anderson, Glasper and Austin[2], he does not link these defendants to any specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

UNSERVED PARTIES

Service of process against Defendants DeBruyn, King, Freed-Daniels and Pramstaller was returned unexecuted in August 2005 (Docket #6 and #7). Due process requires service of process in order to obtain in personam jurisdiction over an individual defendant. See Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). Plaintiff bears the burden of perfecting service of process, and showing that proper service was made. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not satisfied this burden. As a result, the complaint against Defendants DeBruyn, King, Freed-Daniels and Pramstaller should be dismissed because these defendants have not been served within 120 days after the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

For the foregoing reasons, it is recommended that Defendants' Epp, Glasper and Anderson's Motion to Dismiss be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the

---

[2]Even though Defendant Hazel Austin, another MDOC nurse, has not filed a dispositive motion to date, she should also be dismissed since there is no indication that she was personally indifferent to Plaintiff's medical needs.

Court within ten (10) days after they are served with a copy, or further appeal from Judge Cleland's acceptance thereof is waived.

***Note this especially, at the direction of Judge Cleland:*** any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2006

_____

### CERTIFICATE OF SERVICE

     I hereby certify on May 8, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 8, 2006.  **None.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217