**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JERRY VANDIVER,

    Plaintiff,

v.                                              Case No. 05-CV-72835-DT

CORRECTIONAL MEDICAL SERVICES, INC.,
ET AL,

    Defendants.
                                                    /

**OPINION AND ORDER REJECTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND REFERRING TO THE
MAGISTRATE JUDGE FOR FURTHER CONSIDERATION**

On May 8, 2006, Magistrate Judge Donald A. Scheer issued a report and recommendation in the above-captioned matter, recommending that the court dismiss Plaintiff's claims for failure to establish any violations of his constitutional rights by any deliberate indifference to his serious medical needs. Plaintiff filed timely objections to the report and recommendation ("R&R").[1] Without reaching the other objections, the court is persuaded that Plaintiff's objection regarding the timeliness of his response to Defendants' motion for summary judgment is well taken. The court will therefore reject the report and recommendation and refer for reconsideration in light of Plaintiff's response.

---

[1] Plaintiff claimed that he was transferred to another correctional facility and could not meet the usual deadline of ten days to object to the report and recommendation and moved for leave to file objections later. (5/26/06 Pl.'s Mot. for Leave to File Objections at 2.) The court granted Plaintiff's request, (6/2/06 Order), and Plaintiff met the new deadline when he filed his objections on June 13, 2006. (6/13/06 Pl.'s Objections.)

The report and recommendation concludes that Plaintiff did not file a response to Defendants' March 31, 2006 "Motion to Dismiss."[2] (5/8/06 Report and Recommendation at 2.) The deadline for Plaintiff's response was April 28, 2006. (4/3/06 Order Requiring Response.) He filed his response with this court on May 3, 2006. (*See* Dkt. # 85.) The document itself contains dates next to Plaintiff's various signatures indicating either April 25 or April 26, 2006, depending upon the location of the signature. (5/3/06 Pl.'s Resp. at 2, 21.) Plaintiff averred that he submitted his response to prison officials for mailing on April 26, 2006, two days before the response deadline (5/11/06 Pl.'s "Motion for Leave to File a Supplemental Response" at ¶ 5.) The proof of service also indicates a date of April 26, 2006. (Pl.'s Resp. at 36.)

Although Plaintiff's response would otherwise be untimely, Plaintiff argues that the prisoner mailbox rule applies. (Pl.'s Objections at 2-4.) If the mailbox rule is applied, the filing would be timely. While Plaintiff does not cite any case law in support of his argument, it appears worthy of the court's consideration. When the Supreme Court first adopted the mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988), the Court applied the rule to notices of appeal. Lower courts have extended *Houston* to apply to habeas petitions and prisoner's civil complaints. *See e.g. Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *Cooper v. Brookshire*, 70 F.3d 377, 380 (5th Cir. 1995); *Dory v. Ryan*, 999 F.2d 679, 682 (2nd Cir. 1993); *Garvey v. Vaughn*, 993 F. 2d 776, 782 (11th Cir. 1993); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir. 1991). A survey of the case law shows that the rule is generally applied in one of these three contexts.

---

[2]Defendants in fact filed a "Rule 56(B) Motion for Summary Judgment" on March 31, 2006. (*See* Dkt. # 82.)

Several district courts have concluded that the mailbox rule should also apply to motions or response briefs.  See *United States v. Hernandez*, No. 99 CR. 870 (AGS), 2002 WL 1359721, at *1 n.3 (S.D.N.Y. June 20, 2002) (citing *Butler v. United States*, No. 98-CV-0427 ILG, 1998 WL 765171, at *1 (E.D.N.Y. Sept. 16, 1998)); *Butler*, 1998 WL 765171, at *1 (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Applying the rule to this situation would be in accord with the rationale behind *Houston*.  See *Houston*, 487 U.S. at 273-74 ("*[P]ro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally.")   Accordingly, it is appropriate to consider Plaintiff's response as timely and to recommit this matter to the magistrate judge for review in light of that response.  Depending upon the content and proposed outcome of the forthcoming report and recommendation, Plaintiff may resubmit any applicable objections[3] as well as new ones if warranted.[4]

IT IS ORDERED that the Magistrate Judge's May 8, 2006 Report and Recommendation [Dkt. # 86] is REJECTED.  IT IS FURTHER ORDERED that this matter is REFERRED to the Magistrate Judge for consideration of Defendants' March 31, 2006 motion for summary judgment with the benefit of Plaintiff's May 3, 2006

---

[3] As noted above, apart from the timeliness of Plaintiff's May 3, 2006 response, the court does not reach the merits of Plaintiff's objections to the May 8, 2006 report and recommendation.

[4] Further, the report and recommendation should also address Defendants' February 1, 2006 Motion to Dismiss under Rule 41(b) [Dkt. # 69].  The report and recommendation does not address that motion's involuntary dismissal arguments alleging Plaintiff's failure to comply with a court order, nor does, according to the court's review, any other item in the record.

response and that the Magistrate Judge decide Defendants' February 1, 2006 motion to dismiss under Rule 41(b).

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  August 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2006, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522