**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JERRY VANDIVER,

    Plaintiff,

v.                                Case No. 05-CV-72835-DT

CORRECTIONAL MEDICAL SERVICES, INC.,
ET AL,

    Defendants.
                                          /

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING DEFENDANTS' MOTION TO DISMISS UNDER RULE 41(b), GRANTING SUMMARY JUDGMENT TO DEFENDANTS EPPS, GLASPEN, ANDERSON, AND PRAMSTALLER, AND REFERRING THE CASE TO THE MAGISTRATE JUDGE FOR ISSUING AN ORDER DIRECTING SERVICE TO THE REMAINING DEFENDANTS**

On May 8, 2006, Magistrate Judge Donald A. Scheer issued a report and recommendation ("R&R") in the above-captioned matter, recommending that the court dismiss Plaintiff's claims for failure to establish any violations of his constitutional rights by any deliberate indifference to his serious medical needs. Plaintiff filed objections to the report and recommendation. The court, without reaching Plaintiff's other objections, agreed with Plaintiff that the magistrate judge should have applied the prisoner mailbox rule to Plaintiff's otherwise untimely response to Defendant's motion for summary judgment. (8/29/06 Opinion and Order.) The court therefore ordered the magistrate judge to issue another report and recommendation in light of Plaintiff's response. Pursuant to that order, the magistrate judge on August 30, 2006 issued another R&R that in essence reached the same conclusions as the R&R of May 8, 2006. The court

gave Plaintiff an opportunity to resubmit any objections to the most recent R&R, even granting an extension of time in which to file. Plaintiff submitted his objections September 28, 2006. The court will thus consider these objections along with Plaintiff's earlier objections, which were filed on June 13, 2006.[1]

## I.  STANDARD

### A. Review of a Report and Recommendation

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be

---

[1] These earlier objections repeat and supplement a set of objections that Plaintiff filed on June 7, 2006. It is also apparent to the court that Plaintiff's objections of September 28, 2006 substantially overlap with those of June 13, 2006. Because Plaintiff did not create any page numbers for his objections, the court will refer to the page numbers generated by its electronic filing system.

mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## B.  Review of a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict - 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'") (citation omitted). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts, and draw all reasonable inferences from the admissible evidence presented, in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("[W]e must determine not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.") (quotation omitted). The court does not weigh the evidence to determine the truth of the matter, but must decide if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

4

## II.  DISCUSSION

### A.  Defendants' Motion to Dismiss under Rule 41(b)

On February 1, 2006, Defendants moved for dismissal of this case under Federal Rule of Civil Procedure 41(b) [Dkt #69] because Plaintiff refused to sign a medical release form as ordered by the magistrate judge [Dkt #52].  Plaintiff in the meanwhile signed a release [Dkt #74].  The court will therefore accept the uncontested recommendation of the magistrate judge that Defendants' motion under Rule 41(b) should be denied as moot.

### B.  Defendants' Motion for Summary Judgment

A number of Plaintiff's objections are irrelevant for purposes of this opinion and therefore do not merit detailed consideration.  The court will not revisit any objections raising the prisoner mailbox rule, because those objections were already addressed and remedied.  The court is aware of Plaintiff's factual objection regarding the location of his place of confinement, but that fact does not impact the merits of Defendants' motion. Plaintiff's speculation about the predisposition of the magistrate judge based on the relative speed with which the magistrate judge dispensed his duties is unhelpful[2] and unsubstantiated.[3]  The court also has difficulty understanding Plaintiff's repeated objections to denial of access to his medical records, while elsewhere he contends that they are forgeries and inadmissible hearsay.  The R&R, incidentally, does not address

---

[2] Even more unhelpful is Plaintiff's bald assertion that the magistrate judge and his clerk "deliberately hid or destroyed the plaintiff's responses as a favor to defense counsel,"  (6/13/06 Pl.'s Objections at 12), and that evidence in the record is "forgeries made [by prison officials] solely for this litigation," (*id.* at 14).

[3] Indeed, a common complaint of litigants, perhaps particularly for those who are prisoners, is that judges take too much time, not too little, to decide their cases.

5

Plaintiff's alleged denial of access to medical records. In addition, these objections pertain more directly to the conduct of this litigation than to the substance of Plaintiff's claims. Plaintiff also fails to allege what specific records to which he was denied access and which records, if any, Defendants were allowed to see that Plaintiff did not. Finally, Plaintiff argues without persuasive effect that, because he is a *pro se* plaintiff, he should be given a second bite at the apple and be allowed to amend his complaint in the event that summary judgment is appropriate. The authority that Plaintiff cites does not support that proposition, and the court is unaware of any other authority that would grant his request. The court now turns to the merits of Plaintiff's remaining objections.

Plaintiff contends that Defendants were deliberately indifferent to his diabetic condition, which led to the partial amputation of his right foot. (9/28/06 Pl.'s Obj.) He alleges Defendants unreasonably delayed in giving him special footwear and that denied him a special diet for controlling his blood sugar level. (*Id.*) Concerning Defendants Jan Epps and Betty Glaspen, Plaintiff alleges liability only based upon their supervisory roles as, respectively, the Regional Health Administrator for the Michigan Department of Corrections (MDOC) and a supervisory registered nurse for MDOC, and their review of Plaintiff's grievances. He also alleges that they failed to investigate Plaintiff's medical records and were otherwise not responsive to his medical needs. (*Id.*)

The alleged conduct of Defendants Epps and Glaspen is insufficient as a matter of law. A claim for monetary damages under 42 U.S.C. § 1983 requires specific individual wrongdoing and may not rest on theories of vicarious liability or *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 376 (1976); *Whitley v. Albers*, 475 U.S. 312,

319 (1986). Plaintiff's protestations notwithstanding, Epps and Glaspen simply did not have the level of personal involvement in this case that is required for potential individual liability. Because the record contains no evidence tending to show that these Defendants, in the course of their purported "'actual investigation,'" (9/28/06 Pl.'s Obj. at 12), or otherwise, either encouraged specific misconduct or directly participated in it, apart from reviewing Plaintiff's grievances, summary judgment for them is appropriate. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

Plaintiff alleges that Defendant Barbara Anderson, a registered dietician with whom Plaintiff did have personal contact, should have designed for him a diet specifically tailored for diabetes. (9/28/06 Pl.'s Obj.) Plaintiff contends that his condition was exacerbated because he had to eat from the regular MDOC food menu. (*Id.*) Anderson's role, however, was not that of a treating physician who could prescribe a diet for Plaintiff. Instead, she made recommendations about how to choose diabetic appropriate foods from the regular MDOC menu. She averred that Plaintiff declined participating in a diabetes educational program and routinely refused blood sugar monitoring. (Anderson Aff., Ex. A to Defs' Mot. for Summary Judgment.) Plaintiff contends that he did not reject the educational program but merely wanted to consult a doctor first. (9/28/06 Pl.'s Obj.) Plaintiff, however, has not alleged that Anderson prevented him from speaking with a doctor or otherwise interfered with his medical care. Prison officials have wide discretion in treating prisoners medically and Plaintiff must allege more than mere negligent inattention to his requests for assistance. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Rather, Plaintiff has received regular medical care while in custody, beginning in the 1980s. For these reasons, summary judgment for Defendant Anderson is appropriate.

The magistrate judge took an unusual step in recommending summary judgment for Defendant Hazel Austin, an MDOC nurse who has not been served and who did not move for summary judgment. Plaintiff initially did not object to this recommendation, but his most recent objections raise the issue. (8/28/06 Pl.'s Obj. at 33.) He references two mentions of Austin in his original complaint for the proposition that she, as one of two nurses who photographed his infected foot and faxed the photographs to seek authorization for further medical action, was deliberately indifferent to his medical needs. (*Id.*) Because the issue is not fully briefed and developed, due to the fact that Austin and her co-worker were not served, the court will reject the recommendation concerning Austin.[4]

### C. Dismissal of Claims Against Remaining Defendants

The magistrate judge also recommended dismissing charges against the remaining Defendants for Plaintiff's failure to serve them within 120 days of the filing of the complaint, as required by Federal Rule of Civil Procedure 4(m). (R&R at 8.) Plaintiff responds that the magistrate judge's January 27, 2006 order [Dkt #67], merely denied without prejudice Plaintiff's motion to reissue summons and that the responsibility for service lies instead with this court. (9/28/06 Pl.'s Obj.) The magistrate judge denied Plaintiff's motion because a dispositive motion was pending. (1/27/06

---

[4] The court will avoid the unbalanced result wherein Austin is no longer a part of the case but Defendant Denise Freed-Daniels, the other nurse who photographed Plaintiff's foot, is. The R&R recommended dismissing the suit against Freed-Daniels for procedural reasons regarding service of process (which the court rejects below), not on the merits as it did for Austin.

Mag. Order at 2.)  The order stated that Plaintiff could resubmit the motion if his case survived summary disposition.  (*Id.*)  The order cited no authority for the proposition that Plaintiff should be denied the opportunity to effect service in the event that the served Defendants' dispositive motions were granted.  This court is unaware of such authority, and will therefore reject the recommendation.

Review of the record reveals diligent and timely effort by Plaintiff to effect service.  He filed numerous motions [Dkt ##18, 20, 41, 54] and wrote several letters [Dkt ##14-15, 28, 30] in pursuit of that end.  It appears that for four of the unserved Defendants - Hazel Austin, Susan DeBruyn, King,[5] Denise Freed-Daniels - service was not effected because they have retired or left employment at MDOC, or because they did not work at the MDOC facility that Plaintiff first identified.  (1/27/06 Mag. Order.)  Pursuant to an order of Magistrate Judge Steven D. Pepe issued on September 16, 2005, alternative service through the Michigan Attorney General's Office, if it was handling the case for those Defendants, was to occur, or otherwise through personal service under sealed record to the above-named Defendants' last known addresses. (*Id.* at 2.)

It appears that the matter was left unresolved after the magistrate judge on January 27, 2006 denied without prejudice Plaintiff's December 19, 2005 "Motion to Reissue Summons."  Because the court finds no authority for denying Plaintiff's motion, the court will direct the magistrate judge to order the U.S. Marshal to determine whether the Attorney General's Office will accept service or to locate what addresses, if any, were submitted by the Attorney General's Office under seal, and to effect service on Defendants Austin, DeBruyn, King, and Freed-Daniels consistent with the order of

---

[5] The court's review of the record did not reveal Nurse King's first name.

9

January 27, 2006. Fault for failure to serve these Defendants does not lie with Plaintiff, and he should therefore suffer no prejudice as a result of the delay in service.

Finally, though Defendant George Pramstaller's name appears on the court's docket, along with his attorney's appearance,[6] careful review of the captions and bodies of Plaintiff's complaint and amended complaint revealed no mention of this Defendant. The court is forced to conclude that Plaintiff failed to state a claim against Pramstaller.

### III.  CONCLUSION

IT IS ORDERED that the Magistrate Judge's August 30, 2006 Report and Recommendation [Dkt. # 86] is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED THAT Defendants' Motion to Dismiss under Rule 41(b) [Dkt #69] is DENIED as moot.

IT IS FURTHER ORDERED THAT summary judgment for Defendants Epps, Glaspen, Anderson, and Pramstaller is GRANTED.

IT IS FURTHER ORDERED that the case is REFERRED to the magistrate judge for further proceedings and, specifically, that the magistrate judge issue an order directing the U.S. Marshal to effect service of process without prepayment of costs upon Defendants Austin DeBruyn, King, and Freed-Daniels, and to authorize collection of costs after service is made.

                                     s/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2006

---

[6] The same attorney filed an appearance at the same time for Defendants Glasper, Anderson, and the Correctional Facilities Administration. [Dkt #16.]

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2006, by electronic and/or ordinary mail.

                                              s/Lisa Wagner  
                                          Case Manager and Deputy Clerk  
                                          (313) 234-5522