UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,                                  CIVIL ACTION NO. 05-CV-72835-DT

v.                                               DISTRICT JUDGE ROBERT H. CLELAND

HAZEL AUSTIN,                          MAGISTRATE JUDGE DONALD A. SCHEER
SUSAN DeBRUYN,
NURSE KING, and
DENISE FREED-DANIELS,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants Austin and Freed-Daniels' Motion For Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs. The Complaint against Defendants King and DeBruyn should be dismissed for failure to serve them.

\* \* \*

Plaintiff, while incarcerated at the Chippewa Correctional Facility, in Kincheloe, Michigan,[1] filed a Complaint, pursuant to 42 U.S.C. § 1983, on July 20, 2005, against the above named defendants and seven others, alleging that they had been deliberately indifferent to his serious medical needs[2]. Specifically, Plaintiff asserts that he was denied

---

[1] Plaintiff is currently incarcerated at the Huron Valley Mens Complex, located at 3201 Bemis Road in Ypsilanti, Michigan 48197.

[2] Plaintiff filed an Amended Complaint on August 11, 2005, essentially reiterating the allegations found in the original Complaint. On January 20, 2006, Judge Cleland adopted

adequate medical care for his diabetic condition, resulting in the partial amputation of his right foot. Claiming violations of his Eighth Amendment rights under the federal constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages.

Defendants Austin and Freed-Daniels filed a Motion for Summary Judgment on April 2, 2008, based upon a failure to state a claim of inadequate medical care. Defendants denied any deliberate indifference to a serious medical need. They maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention. Plaintiff filed a response to Defendants' Motion for Summary Judgment on May 14, 2008, contending that both nurses consciously disregarded a risk of harm to his health in violation of the Eighth Amendment[3].

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence

---

a Report and Recommendation and dismissed Defendants Correctional Medical Services (CMS), Correctional Facilities Administration (CFA) and the Medical Director of Health Services (Docket #66). On September 29, 2006, Judge Cleland partially adopted another Report and Recommendation, and dismissed four other defendants, who had allegedly been indifferent to Plaintiff's diabetic condition. The case was allowed to proceed against Defendants Austin, DeBruyn, King and Freed-Daniels because they had not been served at the time of the dismissals (Docket #106).

[3]Plaintiff mailed a handwritten letter directly to the undersigned on May 12, 2008, seeking a 60 day extension of time to respond to the dispositive motion. Two days later, before the motion could be ruled upon, Plaintiff submitted a response to the instant motion for summary judgment.

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106. Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged that he has received regular medical treatment for diabetes since his incarceration in the 1980's. He asserts, however, that Defendants Austin and Freed-Daniels, registered nurses for the MDOC bureau of health care, took photographs of his infected right foot and faxed them to the medical service provider (Correctional Medical Services (CMS)) seeking authorization for additional medical action. When CMS allegedly failed to respond to the authorization request, Plaintiff complains that the two nurses "took no professional action to prescribe or administer treatment" for his infected right foot (See pp 17-18 of Amended Complaint).

Even accepting the facts as provided by Plaintiff, the record is clear that Defendants Austin and Freed-Daniels were not deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care, and

3

their conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not be happy with the treatment he has received for his diabetic condition over the past 20 years, the record demonstrates that health care personnel were at all times responsive to his medical condition.

Plaintiff acknowledges that Defendants Austin and Freed-Daniels needed to obtain medical authorization from their supervisors in order to provide additional treatment for his infected foot. While the infection may have worsened while both nurses waited for a response to their authorization request, they had no authority to override treating physicians' chosen mode of treatment while awaiting further instructions.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against nurses Austin and Freed-Daniels, he does not link these defendants to any specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

UNSERVED PARTIES

The Attorney General's Office was ordered on October 19, 2006, to submit the addresses of the above named defendants to the court under seal in order that service of process could be mailed. On November 3, 2006, the last known addresses of defendants Austin, Debruyn and Freed-Daniels were filed under seal by the Attorney General's Office

(Docket #116). The Attorney General's Office was unable to provide an address for defendant King because there was no nurse of that name employed by the MDOC.

Service of process mailed to these defendants was returned unexecuted on January 5, 2007, because service was mistakenly sent to the correctional facility where they were last employed rather than the addresses provided by the Attorney General under seal (Docket #124-127). A second attempt to serve process by mail at their last known address failed in May 2007 (Docket #133).

On October 19, 2007, the Court ordered the United States Marshal to personally serve the appropriate papers in this case on defendants Austin, Debruyn and Freed-Daniels without prepayment of the costs of such service (Docket #137). Personal service by the United States Marshal was attempted at the addresses previously provided by the Attorney General under seal. The Marshal indicated on March 4, 2008, that personal service directed to defendants Freed-Daniels and Austin had been successful (Docket #157). The Marshal indicated on March 7, 2008, however, that personal service directed to defendant Debruyn at her last known address had been unsuccessful (Docket #157).

Due process requires service of process in order to obtain in personam jurisdiction over an individual defendant. See Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). Plaintiff bears the burden of perfecting service of process. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff was ordered on March 28, 2008, to provide the Court with the addresses at which the United States Marshal could effect service of process on defendants King and Debruyn. If Plaintiff was unable to provide such information, he was ordered to Show Cause in writing by April 25, 2008, why the case against defendants King

and Debruyn should not be dismissed for failure to serve them (Docket #162). Plaintiff has not filed a response to the show cause order to date.

Plaintiff bears the burden of perfecting service of process, and showing that proper service was made. See <u>Byrd v. Stone</u>, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not satisfied this burden. As a result, the complaint against Defendants King and Debruyn should be dismissed because these defendants have not been served within 120 days after the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

For the foregoing reasons, it is recommended that Defendants' Austin and Freed-Daniels' Motion for Summary Judgment should be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cleland's acceptance thereof is waived.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2008

## CERTIFICATE OF SERVICE

      I hereby certify on May 28, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 28, 2008. **Jerry VanDiver.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217